UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-09539-CAS | Date | December 28, 2016 |
|---|---|---|---|
| Title | IN RE: TARYN VU-ROSE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     (IN CHAMBERS) DEBTOR'S MOTION FOR STAY OF SALE (Dkt. 3, Filed December 27, 2016)

## I. INTRODUCTION

On July 12, 2016, Taryn Vu-Rose ("debtor" or "appellant") filed a Chapter 7 Bankruptcy Petition in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California. Case No. 2:16-bk-19226-BB, dkt. 1. On October 31, 2016, Wesley Avery ("trustee" or "appellee"), the Chapter 7 Trustee for debtor's bankruptcy estate ("the Estate"), filed a motion for sale of real property at 215 South Bedford Drive, Beverly Hills, California 90212 ("the Property"). Id. dkt. 87. On December 14, 2016, the Bankruptcy Court granted the Trustee's motion for sale. Id. dkt. 124 ("the Sale Order"). The Sale Order is subject to a 14-day stay, which commenced on December 14, 2016, as prescribed by Federal Rule of Bankruptcy Procedure 6004(h). Id.

The Court is in receipt of appellant's appeal of the Bankruptcy Court order permitting the sale of the Property, dkt. 1, and appellant's ex parte motion for a stay of the sale pending appeal, dkt. 3. Appellant states that the sale of the Property may close 48 hours after expiration of the present 14-day stay (or "by as early as December 29, 2016"). Mot. at 2. Appellant requested "a temporary stay" of the Sale Order taking effect while the Court considers the instant motion and so that the Court may hear from Avery in opposition. Id. On December 27, 2016, the Court issued a temporary stay to preserve the status quo while awaiting an opposition from Avery. Dkt. 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-09539-CAS | Date | December 28, 2016 |
|---|---|---|---|
| Title | IN RE: TARYN VU-ROSE | | |

On December 27, 2016, at approximately the same time that the Court issued the temporary stay, Avery filed an opposition to debtor's motion for a stay. Dkt. 7. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The Property is presently subject to a number of liens. It is encumbered by a first trust deed from Selene Finance LP in the amount of $2,669,928.84 and a second trust deed from Real Time Resolutions in the amount of $516,713.97. The Internal Revenue Service ("IRS") holds a lien in the amount of $1,258,450.94 ($1,222,947.38 of which is secured and $35,503.56 of which is unsecured). The Franchise Tax Board for the State of California ("FTB") holds a lien in the amount of $126,169.37, which the FTB claims is secured. The aggregate amount of secured liens on the property is $4,535,759.56.

Trustee proposes to, on behalf of the Estate, sell the Property free and clear of all liens, claims, and interests for a total purchase price of $4,010,000, unless an overbid occurs. Trustee has reached an agreement with the FTB and IRS to avoid the portions of each taxing authorities' lien that is attributable to penalties and interest on penalties pursuant to 11 U.S.C. § 724(a). The total amount of avoided liens held by the taxing authorities will be $539,279.96. Pursuant to those agreements, each taxing authority will receive payment of a portion of its liens and each taxing authority will subsequently hold unsecured claims. Additionally, Trustee appears to propose to use some of the sale proceeds to create an administrative fund with which to prosecute an objection to debtor's discharge pursuant to 11 U.S.C. § 727.

The Bankruptcy Court authorized the Trustee's sale and authorized the Trustee to pay the secured claims of Selene Finance LP and Real Time Resolutions and all costs from the sale. The Bankruptcy Court reasoned that the sale of the Property would benefit unsecured creditors because it would permit an unsecured priority creditor, namely the IRS, to obtain a distribution on its unsecured claim. Additionally, the Bankruptcy Court reasoned that Trustee's subsequent prosecution of an objection to debtor's discharge would, if successful, benefit all unsecured debtors. The Bankruptcy Court authorized a payment of $220,000 to the IRS on its secured claim and payment of approximately $92,200 to the FTB on its secured claim. Finally, the Bankruptcy Court ordered that $57,023.54 be set aside from the sale proceeds for payment to the IRS on its unsecured claim. The Bankruptcy Court ordered that any lien of the IRS's that was not avoided or

Case 2:16-cv-09539-CAS   Document 10   Filed 12/28/16   Page 3 of 8   Page ID #:183

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:16-cv-09539-CAS | Date | December 28, 2016 |
|---|---|---|---|
| Title | IN RE: TARYN VU-ROSE | | |

subordinated pursuant to a separate agreement of the Trustee shall attach to the remaining sale proceeds, including any amount subject to the Debtor's purported homestead exception. The Bankruptcy Court concluded that, after payment of the two mortgage liens and in light of the size of the IRS's secured claim, there would be no funds from the sale proceeds to which debtor's purported homestead exception could attach.

In denying debtor's motion for a stay, the Bankruptcy Court concluded that debtor was unlikely to succeed on the merits of this appeal because the sale sufficiently benefitted unsecured creditors. The Bankruptcy Court further ruled that debtor did not face irreparable injury and that the balance of the hardships tipped in favor of the sale because "[i]t is undisputed that the debtor's house is overencumbered and that she filed a bankruptcy case. [Debtor] is not in a position to complain that the commencement of a bankruptcy case has resulted in a sale of her property to pay undisputed claims against it." Case No. 2:16-bk-19226-BB dkt. 133 at 2. Additionally, the Bankruptcy Court reasoned that it may be difficult for the trustee to find a replacement buyer for the Property. Id. Finally, the Bankruptcy Court concluded that the public interest favored the sale because it would ensure that taxing authorities receive payment of amounts due in tax revenues and because no public interest favors permitting debtor to "continue to prevent lien creditors from exercising their rights as against their collateral." Id.

### III.   LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8007 provides that a district court may order a stay of a judgment, order, or decree of a bankruptcy court pending appeal. See Fed. R. Bankr. P. 8007. When deciding whether to issue a discretionary stay pending appeal of a bankruptcy court order, courts consider (1) movant's likelihood of success on the merits of the appeal, (2) significant and/or irreparable harm that will come to movant absent a stay, (3) harm to the adverse party if a stay is granted, and (4) where the public interest lies. In re North Plaza, LLC, 395 B.R. 113, 119-20 (S.D. Cal. 2008) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

To determine whether a stay is justified, the court applies a test that is "virtually identical to that for a preliminary injunction." In re Pac. Gas & Elec. Co., 2002 WL 32071634, at *2 (N.D. Cal. Nov. 14, 2002). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 9 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-09539-CAS | Date | December 28, 2016 |
|---|---|---|---|
| Title | IN RE: TARYN VU-ROSE | | |

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009); see also Cal. Pharms. Ass'n v. Maxwell–Jolly, 563 F.3d 847, 849 (9th Cir.2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir.2011); see also Indep. Living Ctr. of So. Cal. v. Maxwell–Jolly, 572 F.3d 644, 657–58 (9th Cir.2009). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir.1984).

It is "well-established that on appeal to the district court from bankruptcy court, issues of law are reviewed de novo while the district court is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous." In re Irwin, 338 B.R. 839, 844 (E.D. Cal. 2006) (citing In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993)). Where, as here, "a bankruptcy court has [already] ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion." In re Universal Life Church, Inc., 191 B.R. 433, 437 (E.D. Cal. 1995) (citing In re Wymer, 5 B.R. 802, 807 (9th Cir. B.A.P. 1980)).

"A bankruptcy court abuses its discretion if [1] it applies an incorrect legal standard or misapplies the correct legal standard, or [2] if its fact findings are illogical, implausible or not supported by evidence in the record." In re City of Stockton, California, 542 B.R. 261, 272 (B.A.P. 9th Cir. 2015). Ultimately, "discretion is abused only where no reasonable man would take the view adopted by the [bankruptcy] court"—stated differently, "[i]f reasonable men could differ as to the propriety of the action taken by the [bankruptcy] court, then it cannot be said that the [bankruptcy] court abused its discretion." In re Irwin, 338 B.R. at 844 (citation omitted).

## IV.   DISCUSSION

The Bankruptcy Court did not abuse its discretion in denying debtor's motion for a stay pending appeal. As an initial matter, the Bankruptcy Court applied the correct legal standard and evaluated debtor's likelihood of success on the merits, the risk of irreparable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-09539-CAS | Date | December 28, 2016 |
|---|---|---|---|
| Title | IN RE: TARYN VU-ROSE | | |

injury if a stay is not issued, harm to the adverse party if a stay is granted, and the public interest.

A Chapter 7 trustee is duty-bound to "marshal and sell the assets [of the estate], so that those assets can be distributed to the estate's creditors." In re KVN Corp., Inc., 514 B.R. 1, 5 (B.A.P. 9th Cir. 2014). "Indeed, a core power of a bankruptcy trustee under [11 U.S.C.] § 363(b) is the right to sell property of the estate for the benefit of a debtor's creditors. Under [11 U.S.C.] § 363(f)(2), a bankruptcy trustee may sell property of the estate free and clear of a lien or other interest where the holder of the lien or interest consents." Id. (quotations and citations omitted). A trustee, generally, should not sell a fully encumbered asset because it yields no benefit to unsecured creditors. Id. Where a property is fully encumbered, "the trustee's proper function is to abandon the property, not administer it, because the sale would yield no benefit to unsecured creditors." Id. at 6.

In this case, debtor argues that she is likely to succeed on appeal because any payment to taxing authorities as unsecured creditors is the result of an "artfully created subterfuge" because the sale price does not exceed the aggregate value of the mortgage liens and the secured liens of the taxing authorities. App'n at 13. According to debtor, secured and unsecured debts to each of the taxing authorities were fixed at the time she filed her bankruptcy petition such that they cannot be altered by agreement between the trustee and taxing authorities in order to facilitate a sale of the Property. Accordingly, debtor argues, the sale of the Property does not benefit any unsecured creditors and, instead, only benefits the trustee who can charge administrative fees associated with the sale.

However, debtor cites no authority for her contention that the taxing authorities and trustee cannot reach an agreement regarding the liens upon the Property. In support of debtor's argument that secured and unsecured debts were fixed at the time she filed her petition, debtor relies exclusively upon cases evaluating whether certain debts should be treated as secured or unsecured for purposes of determining a debtor's eligibility to file a Chapter 13 bankruptcy petition. See App. At 14 (citing Scovis v. Henrichsen, 249 F.3d 975 (9th Cir. 2001); Slack v. Wilshire, 187 F.3d 1070 (9th Cir. 1999); Smith v. Rojas, 435 B.R. 637 (9th Cir. BAP 2010); Freeman v. Maladier, 542 B.R. 492 (9th Cir. BAP 2015)). None of the authority relied upon by debtor is applicable here. The decision in each of the foregoing cases turned upon the language of 11 U.S.C. § 109(e), pursuant to

Case 2:16-cv-09539-CAS   Document 10   Filed 12/28/16   Page 6 of 8   Page ID #:186

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:16-cv-09539-CAS | Date | December 28, 2016 |
|---|---|---|---|
| Title | IN RE: TARYN VU-ROSE | | |

which only individuals with certain amounts of secured and unsecured debts owed "*on the date of the filing of the petition* . . . may be a debtor under chapter 13 of this title." (emphasis added). However, debtor has not filed a Chapter 13 bankruptcy petition, nor does this case implicate the language of section 109(e). As appellee correctly points out, if the secured nature of certain IRS liens were simply immutable upon the filing of a bankruptcy petition, 11 U.S.C. § 724(a) (permitting a trustee to avoid certain liens) would serve no purpose. There is no per se rule prohibiting trustees from reaching carve-out agreements with lienholders to facilitate a sale and payment of unsecured creditors. In re KVN, 514 B.R. at 6-7.

Whether the amount of the proceeds paid to unsecured creditors is sufficient to constitute a "meaningful distribution" is a question of fact committed to the bankruptcy court's discretion. In re KVN, 514 B.R. at 8. In this case, the Bankruptcy Court determined that, as a result of the sale, there would be a meaningful distribution to unsecured creditors because of the payment to the IRS as an unsecured creditor. The foregoing factual finding does not appear to be illogical, implausible, or unsupported by the record. See In re City of Stockton, California, 542 B.R. at 272. The Bankruptcy Court ordered that a portion of the sale proceeds be set aside specifically for payment of an unsecured creditor, namely the IRS. Under the circumstances present here, a trustee is permitted to seek the sale of a property for the benefit of unsecured creditors, including the IRS. In re Bolden, 327 B.R. 657, 667-68 (Bankr. C.D. Cal. 2005). The proceeds from any avoided tax penalty liens are then distributed according to the priorities specified in 11 U.S.C. § 507(a), including administrative expenses first and unsecured claims of governmental units like the IRS. Id. at 666. The debtor "cannot use the IRS' tax liens as a shield against the trustee's administration of the property for the benefit of creditors." Id. at 665. Additionally, the Bankruptcy Court's conclusion that an objection to debtor's discharge pursuant to 11 U.S.C. § 727 would, if successful, benefit all unsecured creditors is not erroneous. If trustee uses proceeds from the sale to bring an objection to the discharge of unsecured debts, it may also represent a meaningful benefit to unsecured creditors.

Debtor next argues that the trustee was permitted to manipulate claims in order to "surcharge [debtor's] homestead exemption." App. At 15. However, a state's "homestead exemption does not erect a barrier around a taxpayer's home sturdy enough to keep out the Commissioner of Internal Revenue." In re Bolden, 327 B.R. at 663 (quoting United States v. Estes, 450 F.2d 62, 65 (5th Cir. 1971)). The Supremacy Clause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:16-cv-09539-CAS | Date | December 28, 2016 |
|---|---|---|---|
| Title | IN RE: TARYN VU-ROSE | | |

of the United States Constitution allows the federal government to "sweep aside state-created exemptions." United States v. Rodgers, 461 U.S. 677, 701 (1983). In this case, the Bankruptcy Court concluded that "[b]ased on the amount of the IRS secured claim on the Property, there are no funds of the Sale Proceeds to which the Debtor's homestead exemption will attach." Sale Order at 4. Said factual finding is supported by the record and is neither illogical nor implausible. See In re City of Stockton, California, 542 B.R. at 272. In fact, debtor also argues that the sale should not be permitted precisely because the IRS's liens and notes secured by the Property exceed its value. Debtor does not explain how she could receive a homestead exemption under those circumstances.

Lastly, debtor asserts that "[t]here is a real factual issue" as to whether the prospective buyer is a good faith buyer. "While no bankruptcy judge is likely to approve a sale that does not appear to be in 'good faith,' an actual finding of 'good faith' is not an essential element for approval of a sale under § 363(b)." In re Thomas, 287 B.R. 782, 785 (B.A.P. 9th Cir. 2002). Where a debtor challenges whether a sale is being conducted in "good faith" for the first time on appeal, it may be appropriate to remand the matter to the Bankruptcy Court for a factual determination. Id. However, in this case, the Bankruptcy Court made an explicit finding that the buyer "is a good faith purchaser." Debtor offers no evidence supporting her conclusory allegation that the purchaser is not acting in good faith except for her assertion that "there was an issue raised of the source of the buyer's funds [sic] to close on the purchase of the Property." App. at 15. Accordingly, debtor has not demonstrated that the Bankruptcy Court erred in its finding.

In light of the foregoing, the Court concludes that the Bankruptcy Court did not abuse its discretion in determining that the debtor is unlikely to succeed on the merits of the instant appeal. Nor does debtor demonstrate that there is a serious question going to the merits of her appeal. Accordingly, debtor is not entitled to a stay pending her appeal.

Debtor contends that she will suffer irreparable harm in the absence of a stay, that there is not any harm to the Estate or trustee in granting a stay, and that the public interest favors a stay. The Bankruptcy Court explicitly addressed each of debtor's contentions and found otherwise in its decision to deny debtor a stay. Having concluded that the Bankruptcy Court did not abuse its discretion by finding debtor unlikely to succeed on the merits of her appeal, the Court need not review the Bankruptcy Court's rejection of debtor's remaining contentions. Absent a showing of either a serious question or a likelihood of success, debtor is not entitled to a stay and any other errors would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-09539-CAS | Date | December 28, 2016 |
| Title | IN RE: TARYN VU-ROSE | | |

harmless. See <u>Paramount Land Co. LP v. California Pistachio Comm'n</u>, 491 F.3d 1003, 1012 (9th Cir. 2007) (specter of irreparable injury cannot justify injunctive relief absent a showing that party is likely to succeed on the merits or present serious questions going to the merits).

## V. CONCLUSION

Debtor's motion for a stay is **DENIED**. The Court's December 27, 2016 stay is hereby lifted and vacated.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |